[Doc. Nos. 45,47]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SUZANN ANDERSON, individually and M.D., a minor by her mother and natural guardian<br><br>               Plaintiffs<br>    v.<br><br>BUENA BOARD OF EDUCATION, et al.,<br><br>               Defendant. | Civil. No. 17-06816(JS) |

**MEMORANDUM OPINION AND ORDER**

While plaintiff M.D. was a minor and high school student at Buena Regional High School, she had sexual relations with an adult teacher.[1] This Opinion addresses defendants' request for copies of plaintiff's gynecological records.[2]

This matter is before the Court on defendants' "Motion to Compel Plaintiffs Execution of Medical Authorization" [Doc. Nos. 45, 47]. The Court received plaintiffs' opposition [Doc. No. 48], defendants' reply [Doc. No. 49] and supplemental submission, and held oral argument. The Court also reviewed the complete depositions of plaintiff, her mother and plaintiff's close girlfriend. For the reasons to be discussed, defendants' motion

---

[1] M.D. and her mother are named plaintiffs. Unless otherwise noted, references to plaintiff will only refer to M.D.
[2] Specifically, defendants ask the Court to Order plaintiff to execute a records authorization so they can obtain plaintiff's records.

is denied. Plaintiff's gynecological records are irrelevant to the claims and defenses in the case.

Background

The background facts of the case are not complicated. While plaintiff was a 17-year-old junior in high school she engaged in oral sex with a school teacher (William Jacobs) on several occasions.[3] The teacher was suspended, pleaded guilty to criminal charges, and is serving a jail sentence. Plaintiff's complaint filed on September 6, 2017 generally alleges the school failed to take timely actions to protect her. Plaintiff allegedly suffered emotional distress.

Plaintiff was deposed on August 16, 2018. Plaintiff's transcript reflects that she answered all questions posed to her including questions directed to her most intimate and private affairs. Plaintiff testified she was raped several times when she was 13-14 and first engaged in consensual sex when she was 15. Plaintiff started taking birth control pills at 13 to regulate her period. Plaintiff has seen a "therapist" for several years with whom she talked about Jacobs. Plaintiff has also been seeing the same gynecologist for many years. Despite numerous visits there is no testimony reflecting that plaintiff spoke with her gynecologist about Jacobs.

---

[3] Plaintiff denies she engaged in intercourse with Jacobs.

2

Defendants argue plaintiff's records are relevant for various reasons. These include: (1) to find out about plaintiff's prior sexual history, (2) to find out if plaintiff is telling the truth about taking birth control pills at 13 because she had an irregular cycle, (3) to find out if plaintiff discussed Jacobs with her gynecologist, and (4) to determine the nature of the treatment rendered. Defendants argue plaintiff's records:

> [M]ay also contain relevant information about the Plaintiff's sexual history, comments and statements from M.D. to the gynecologist about Defendant Jacobs or other sexual partners, thoughts about her sexuality and the use of birth control pills.

September 25, 2018 Letter Brief at 2. Defendants also argue that without plaintiff's records, "it is impossible to determine the nature of the treatment rendered, what statements were made to the medical provider that would be relevant, or any other information about [her] visits that might bear on plaintiff's claims." Id. In addition, defendants argue:

> The relevance of the inquiry is to determine not only the nature of any prior injuries or conditions, but also to gauge credibility since it is reasonable to assume there could be an indication of Plaintiff's thoughts as to the prior encounters in the records.

October 17, 2018 Letter Brief at 4.

In opposition plaintiff argues her records are not relevant to any facts, injuries or circumstances she alleges, nor are the records relevant to defendants' defenses. In sum, defense counsel

3

argues:

> There is no reason to further exacerbate my client's embarrassment by allowing Defendants to partake in [a] fishing expedition through my client's personal, private medical records -- that of which have no bearing on the case at hand.

Certification of Plaintiff's Counsel at ¶8, Doc. No. 48.

Discussion

As the parties know the scope of relevant discovery is set forth in Fed.R.Civ.P. 26(b)(1) which states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

It is of course true that traditionally federal courts have liberally construed the scope of discovery. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Legal Interiors, Inc. v. Resolution Trust Corp., 153 F.R.D. 552, 560 (D.N.J. 1994). However, while the scope of discovery pursuant to Rule 26 is broad, it is not unlimited and may be circumscribed. Bayer AG v. Betachem, Inc., 173 F.3d 188, 190 (3d Cir. 1999); Kopacz v. Delaware River and Bay Authority, 225 F.R.D. 494, 497 (D.N.J.

2004).  As noted in Claude P. Bamberger Intern., Inc. v. Rohm and Haas Co., C.A. No. 96-1041 (WGB), 1998 WL 684263, at *2 (D.N.J. April 1, 1998)(citation and internal quotation marks omitted), "[w]hile the standard of relevancy is a liberal one, it is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not appear germane merely on the theory that it might become so."  The party seeking discovery has the burden of showing that the information sought is relevant to the subject matter of the action.  Nestle Foods Corp. v. Aetna Cas. and Sur. Co., 135 F.R.D. 101, 104-05 (D.N.J. 1990).  Mere suspicion or speculation that relevant information may exist in a document is insufficient to justify discovery.  Hashem v. Hunterdon County, C.A. No. 15-8585 (FLW/DEA), 2017 WL 2215122, at *3 (D.N.J. May 18, 2017).

Defendants' motion is denied because they have not shown plaintiff's records contain relevant information.  This is not a case where plaintiff is claiming gynecological injuries.  Nor is this a case where evidence exists that plaintiff spoke with her gynecologist about Jacobs.  In addition, the record does not reflect that plaintiff is claiming she is suffering from sexual dysfunction because of her encounters with Jacobs.  Quite simply, no evidence exists to indicate that anything in plaintiff's records is relevant to the claims and defenses in the case.  By merely filing a lawsuit claiming emotional distress a plaintiff does not

open up to discovery her entire medical history.

At oral argument defense counsel argued:

> I believe that if we're able to look at comments and things that she said to her gynecologist about sexual -- other sexual relationships she may have had, it may tend to undercut the -- you know, the trauma that she said that she had, and I believe that that's potentially relevant.

Sept. 27, 2018 Transcript at 13:7-11. The Court rejects the notion that plaintiff's sexual history is relevant to her claims and defendants' defenses. Similarly, the reason why plaintiff started taking birth control pills is irrelevant. Whether or not plaintiff was promiscuous, which may or may not be the case, has no bearing on her encounters with Jacobs.[4] A minor who has sexual relations with an adult does not necessarily have to reveal her most intimate and private records as a prerequisite to obtaining redress for her injuries.

The Court does not give any weight to defendants' argument that plaintiff's records may contain comments about Jacobs. This is pure speculation. Defendants had the opportunity to question plaintiff at her deposition about whether she discussed Jacobs with her doctor. If yes, plaintiff's records could be relevant. However, defendants chose not to question plaintiff about this subject area. Whether this was a strategic decision or oversight

---

[4] The Court does not question that defendants' discovery request is made in good faith and is not intended to harass or intimidate plaintiff.

6

is beside the point.  Defendants cannot use their failure to establish that records are relevant as a basis to argue records should be produced because they may contain relevant information.[5] Defendant's inquiry directed to the nature of plaintiff's gynecological treatment is also irrelevant.  Plaintiff is not claiming injuries of this sort.

To be sure, the Court is not ruling that gynecological records are always off-limits in discovery.  The Court recognizes there is case law ruling these records are discoverable.  However, the records only become discoverable if they are relevant to claims and defenses in the case. This accounts for why the cases defendants cite are inapposite.

Plaintiff relies on the unreported decision from New Jersey's Appellate Division in Linato v. Livingston, Docket. No. A-0983-09T3, 2011 WL 2935052 (App. Div. July 22, 2011).  It appears that during the pre-trial stage of the case defendants obtained plaintiff's gynecological records.  Id. at *14.  However, the Appellate Division's decision did not specifically address a discovery dispute.  In any event, even if the records were produced in discovery this is accounted for by the fact that "plaintiff sought treatment for sexual dysfunction, specifically discomfort during intercourse and an inability to have an orgasm." Id. at

---

[5] This contrasts with defendants detailed questioning of plaintiff regarding her discussions with her therapist about Jacobs.  The therapist's records are plainly relevant and discoverable.

*2. No such allegation is made here. Similarly, in Weening v. Commissioner of Social Security, C.A. No. 14-4058 (JCC), 2015 U.S. Dist. LEXIS 74258 (D.N.J. June 9, 2015), plaintiff's gynecological records were apparently produced and reviewed in connection with her social security claim. This was because plaintiff argued, inter alia, that her "spasms are triggered by her menstrual cycle, exercise, and continuous motion." Id. at *3. In this case plaintiff is not alleging these types of injuries.

Defendants also rely on Ugdah v. Unum Life Ins. Co. of Am., C.A. No. 14-6367 (SDW/SCM), 2015 WL 5572678 (D.N.J. Sept. 21, 2015). In Ugdah it appears that plaintiff's gynecological records were produced in discovery. However, this was because plaintiff was making a claim under her disability policy and the records were relevant to whether plaintiff's doctor imposed on her any restrictions or limitations. Id at *2. This case is not remotely analogous to Ugdah. Last, plaintiff relies upon the trial court's decision in Hunter v. Richmond Univ. Ctr., 934 N.Y.S. 2d 34, 2011 N.Y. Misc. LEXIS 3872 (Sup. Ct. of N.Y., Richmond Cty., Aug. 5, 2011). In Hunter the plaintiff alleged her high-risk pregnancy was improperly managed. During discovery the Court compelled the production of plaintiff's pre-delivery gynecological records which showed she had prior gynecological surgery and fourteen pregnancies of which nine resulted in spontaneous deaths and one in neonatal death. The Court ruled the records were discoverable

because the plaintiff's high-risk pregnancy could not be severed from her prior medical history and, therefore, the records were relevant to plaintiff's malpractice claim. Id. at *6. Plaintiff's records in this case have no relevance to her liability claims against defendants. Notably, in Hunter the Court denied on relevancy grounds the defendants' request for plaintiff's post-surgery records. Id. at *8.

Defendants' other arguments as to why plaintiff's records are relevant are not persuasive. Defendants argue they cannot know if plaintiff's records contain relevant information unless they see the records. If the Court accepted this argument then all records would become discoverable.[6] The Court agrees with the ruling in Batchelor v. Merck & Co., Inc., No. 3:05-CV-791 JTM, 2007 WL 4179015 (N.D.lnd. Nov. 20, 2007). In Batchelor, the Court denied Merck's request for plaintiff's OB/GYN records based on Merck's argument the records might contain relevant evidence. The Court reasoned that although the records "might" contain relevant evidence:

> it may just as easily contain nothing. While Fed.R.Civ.P.26 has liberal requirements, it is not without limits…. Without either a more focused request, stronger indication that the discovery they seek is there, or a stronger articulation of relevance to a[n] issue in [the] case, this Court cannot say Merck has

---

[6] The Court exercises its discretion to decline to review in camera the requested records for relevancy. The Court does not have a reasonable belief that plaintiff's records contain relevant information. See In re Grand Jury Investigation, 445 F. 3d 266, 275 (3d Cir. 2006); see also United States v. Zolin, 491 U.S. 554, 571 (1989) (Courts have discretion to deny in camera review for a groundless fishing expedition).

> established that [plaintiff's] OB/GYN records
> are relevant.

Id. at *3. Further, as stated by one author:

> To encourage sexual harassment victims to come
> forward by offering the assurance that the
> process will not expose irrelevant details of
> their intimate lives during the trial, only to
> allow defendants to expose those same details
> during discovery, would be figuratively to
> yank the rug out from under the victims' feet
> and subvert the very process intended to
> ensure their rights. Judges must manage the
> discovery process so that the victim's
> reasonable expectations of privacy are not
> destroyed.

The Conflicting Mandates of FRE 412 and FRCP 26: Should Courts Allow Discovery of a Sexual Harassment Plaintiff's Sexual History? Univ. of Chi. Legal F. 519, 542 (1999). Defendants also argue they need to see plaintiff's records to determine if she is telling the truth about being raped when she was thirteen. Whether or not plaintiff is telling the truth about this fact is tangential to the issues in dispute and completely irrelevant to plaintiffs' claims and defendants' defenses.[7]

Even if the discovery requested by defendants was relevant, which it is not, the Court would deny the request as disproportional to its importance. See Rule 26(b)(1). The proportionality factors in Rule 26(b)(1) favor plaintiff. Far from being important, there is no indication the information in

---

[7] The Court also rejects the argument that plaintiff's records should be produced because a Discovery Confidentiality Order is in place thereby limiting the distribution of plaintiff's records. This is not a justifiable reason to Order the production of irrelevant records.

plaintiff's records is material to the case. Further, plaintiff already answered all of defendants' deposition questions. To the extent plaintiff spoke with a health professional about her encounters with Jacobs, these notes would be in plaintiff's counselor's records, not those of her gynecologist. In addition, defendants already questioned plaintiff's close friend about her discussions with plaintiff about intimate affairs. The Court will not allow plaintiff to undergo the additional burden of disclosing her most intimate records without some indication the records are material and non-cumulative. See Professional Recovery Services, Inc. v. General Elec. Capital Corp., C.A. No. 06-2829 (JBS), 2009 WL 137326 at *4 (D.N.J. Jan. 15, 2009) ("To cast a wide net for discovery of information in the hopes that something of use may come back is the essence of a fishing expedition precluded by the rule of proportionality"). The embarrassing and intrusive burden that would be placed upon plaintiff by exposing her most sensitive records to defendants, including Jacobs' counsel and perhaps Jacobs himself, outweighs any minimal relevancy posited by defendants. Batchelor, 2007 WL 4179015, at *4.[8]

---

[8] Although not necessary to decide defendants' motion, the Court notes there are categories of documents afforded special discovery protection. See Wiggins v. Clementon Police Dept., C.A. No. 07-5033 (RBK/JS), 2009 WL 2382240, at *4 (D.N.J. July30, 2009) (a party seeking tax return information must demonstrate relevance and a "compelling need" for the returns because the information is not otherwise readily available); Farmers & Merchants National Bank v. San Clemente Financial Group Securities, Inc., 174 F.R.D. 572, 585 (D.N.J. 1997) ("The Third Circuit recognizes the public policy favoring non-disclosure of income tax returns as confidential communications between a taxpayer and the government"). Plaintiff's intimate medical records are deserving of at least the same privacy protection as her income tax returns.

Conclusion

For the foregoing reasons defendants' motion will be denied.

Accordingly, IT IS HEREBY ORDERED this 19th day of March, 2019, that defendants' Motion to Compel Plaintiffs Execution of Medical Authorization is DENIED.[9]

                                                s/ Joel Schneider
                                                JOEL SCHNEIDER
                                                United States Magistrate Judge

---

[9] The Court is making the logical assumption that plaintiff will not use her gynecological records as trial exhibits, nor will the gynecologist be called as a trial witness. If the Court is wrong it will revisit this Opinion and Order.